GARY N. TJOSSEM AND MARILYN E. TJOSSEM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tjossem v. Commissioner
Docket No. 7747-91
United States Tax Court
T.C. Memo 1991-626; 1991 Tax Ct. Memo LEXIS 674; 62 T.C.M. (CCH) 1555; T.C.M. (RIA) 91626; December 17, 1991, Filed *674 Leonard Thomas Bradt, for the petitioners. Cheryl M.D. Rees, for the respondent. COLVIN, Judge. COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION This case is before the Court on respondent's motion to dismiss for lack of jurisdiction and petitioners' cross-motion to dismiss for lack of jurisdiction. The sole issue is whether a notice of deficiency properly mailed by respondent to petitioners' "last known address" is rendered invalid because the notice was delivered by the Postal Service to a neighbor of petitioners. Respondent determined deficiencies in petitioners' Federal income tax for the taxable years 1986 and 1987 in amounts of $ 12,296 and $ 18,873, respectively. Respondent also determined additions to tax for the tax years 1986 and 1987 in the amounts of $ 615 and $ 944, respectively, under section 6653(a)(1)(A); amounts to be determined under section 6653(a)(1)(B); amounts to be determined under section 6621(c); and amounts of $ 3,074 and $ 4,718, respectively, under section 6661. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been *675 stipulated and are so found. Petitioners resided in Houston, Texas, when their petition was filed. Reference to petitioner in the singular is to Mr. Gary Tjossem. At all times relevant to this case, petitioners' address was 6131 Coral Ridge, Houston, Texas 77069. Petitioner frequently travels away from home, and his wife occasionally accompanies him. When petitioners are away from home, they usually let the mail accumulate in their mailbox and come home periodically to collect it. There have been times when petitioners made arrangements for someone to pick up the mail, but they normally do not do this. Petitioners never authorized or asked Mr. R. O. Brenner to receive mail for them. On February 2, 1990, respondent mailed by certified mail the notice of deficiency dated February 2, 1990, to petitioners at 6131 Coral Ridge, Houston, Texas 77069. The parties agree that the notice of deficiency was mailed to petitioners' last known address. Postal Service Form 3849-A, the Delivery Notice or Receipt, evidencing delivery of the notice of deficiency, was received and signed for by Mr. R. O. Brenner, who lived across the street from petitioners at 6134 Coral Ridge, Houston, Texas *676 77069. Mr. Brenner is now deceased. Petitioner testified, as we discuss further below, that petitioners did not receive the notice of deficiency that was signed for and received by Mr. Brenner. On September 17, 1990, petitioner wrote to respondent regarding petitioner's receipt of notices of changes resulting from an examination of his 1986 and 1987 returns. Petitioner indicated that he was not in agreement with the proposed changes. Petitioner's letter did not attach the notice of changes or state when he received it. On December 18, 1990, petitioners wrote to respondent and enclosed copies of two requests for payment dated September 17, 1990, that they had received for 1986 and 1987. Petitioners stated they had no record of having received a 90-day letter, and they requested a copy of it and any record of delivery to them. The petition in this case was filed on April 26, 1991. Respondent moved to dismiss for lack of jurisdiction on the ground that the petition was untimely. Petitioners filed a cross-motion to dismiss for lack of jurisdiction on the ground that the notice was invalid. A hearing was held at Houston, Texas, on October 28, 1991. OPINION To maintain an action *677 in this Court, there must be a valid notice of deficiency and a timely petition. ; . If respondent issued a valid notice of deficiency, the petition must be dismissed for lack of jurisdiction as untimely. However, if jurisdiction is lacking because of respondent's failure to issue a valid notice of deficiency, we will dismiss the case on that ground. , affd. without published opinion . Petitioners were required to file their petition within 90 days after the notice of deficiency was mailed. Sec. 6213(a). The requirements for issuing a valid notice of deficiency are set forth in section 6212. Under section 6212(a), respondent is authorized to send a notice of deficiency to a taxpayer by certified or registered mail. It is well settled that a notice of deficiency is valid even if it is not received. ; ; *678 , affd. without published opinion . Congress did not require actual notice. Rather, it permitted the use of a method that would ordinarily result in such notice. . The statute is satisfied as long as the notice of deficiency is mailed to the taxpayer's "last known address." . Petitioners have not convinced us as to when they received the notice of deficiency. At trial, petitioner said little about his relationship with Mr. Brenner and offered no explanation for Mr. Brenner's failure to deliver the certified letter he had accepted for petitioners to them. Similarly, we note that petitioners did not call petitioner Marilyn Tjossem as a witness to testify as to whether she had ever received the deficiency notice from Mr. Brenner. We also note that petitioners did not call as a witness the Postal Service employee who delivered their mail and delivered respondent's notice, obtaining Mr. Brenner's signature thereon. Finally, *679 petitioner's December 18, 1990, letter to respondent shows that petitioner was aware that the September 17, 1990, requests for payment would have followed the issuance of a 90-day letter. Petitioners have failed to carry their burden of proving that they did not receive the deficiency notice because the U.S. Postal Service delivered it to Mr. Brenner. Petitioners would not prevail here even if they had convinced us otherwise of the facts surrounding their receipt of the notice of deficiency. Petitioners cite ; ; , affd. without published opinion , as providing an exception to the last known address rule of section 6212(b) when the U.S. Postal Service breaches its duty and misdelivers properly addressed mail to someone who is not an authorized agent and not at the address to which the mail is directed. The cases cited by petitioners are distinguishable because in each of them respondent was on notice *680 that the notice of deficiency was not delivered to petitioners and was returned by the post office to respondent. In addition, in those cases respondent's error in addressing the notice of deficiency contributed to the nondelivery of the deficiency notices. Petitioners also rely on , and , for the proposition that diversion of a deficiency notice by the U.S. Postal Service renders the notice invalid. In Mulder and McPartlin, respondent's file contained no return receipt for the deficiency notice sent to the taxpayers. Petitioners' reliance on Mulder and McPartlin is misplaced. We interpret these cases as holding that the presumption of delivery of a properly addressed notice of deficiency sent by certified mail may be overcome when no return receipt is received by the sender. Here, it was stipulated that respondent properly addressed the notice of deficiency to petitioners' last known address. Respondent received the return receipt and thus was not put on notice that the deficiency notice was not delivered *681 to petitioners. Respondent argued that petitioners knew in September 1990, or at the latest December 1990, that a deficiency in tax had been determined for their 1986 and 1987 tax years, yet they did not file a petition with this Court until April 1991. In light of the foregoing, we need not reach this issue. It is not necessary that the taxpayer receive the notice of deficiency if the notice was, in fact, mailed to taxpayers' last known address, as it was here. Sec. 6212(b); (taxpayers failed to receive properly mailed deficiency notice); (properly addressed notice of deficiency was not received by the taxpayers due to post office error); . We conclude and hold that respondent has met the requirements of section 6212(b) for mailing a notice of deficiency to petitioners at their last known address, notwithstanding petitioners' failure to receive the notice of deficiency due to misdelivery by the U.S. Postal Service. The petition was filed beyond the *682 statutory 90-day period. Consequently, respondent's motion will be granted. Accordingly, An appropriate order will be entered.